IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REFLEX PACKAGING, INC., | No. C 13-03307 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE AND TRANSFERRING ACTION TO THE CENTRAL DISTRICT OF CALIFORNIA** |
| v. | |
| AUDIO VIDEO COLOR CORPORATION, a California Corporation, d/b/a, AVC CORPORATION, | |
| Defendant. | |

Currently before the Court is defendant's motion to dismiss or to transfer venue to the Central District of California. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing scheduled for October 11, 2013. For the reasons set forth below, the Court GRANTS defendant's motion to transfer venue and TRANSFERS this action to the Central District of California.

**BACKGROUND**

On July 16, 2013, plaintiff Reflex Packaging ("Reflex") filed a complaint against Audio Video Color Corporation ("AVC") alleging claims of patent infringement and breach of contract. Plaintiff is a California corporation which manufactures and sells customized thermoformed cushions, used to package and support shock sensitive products such as computers, hard-drives, and other electronic

devices. Compl. ¶¶ 1, 6.[1] Plaintiff's principal place of business is in Santa Ana, California. *Id.* ¶ 1. Defendant AVC is a California corporation with its headquarters in Rancho Dominguez, California. *Id.* ¶ 2.

The complaint alleges that plaintiff is the assignee of United States Patent No. 6,520,337 titled "Unitary Product Cushioning Structure" ("the '337 Patent"). *Id.* ¶ 7 & Ex. 1. In August 2008, plaintiff created thermoformed cushions, covered by the teachings of the '337 Patent, for use in shipping hard drives manufactured by third party Seagate Technology LLC ("Seagate"). Compl. ¶ 9. The complaint alleges that Seagate contracts with third parties to package its hard drives, and requires those third parties to use cushions approved by Seagate. *Id.* ¶ 10. The complaint alleges that "sometime after Seagate approved plaintiff's thermoformed cushions, Defendant entered into an agreement with Seagate, whereby Defendants agreed to package Seagate's hard drives. To perform this agreement for Seagate, Defendant was required to use cushions approved by Seagate for use in shipping its products. Defendant sought to fulfill its agreement with Seagate by purchasing Seagate's-approved thermoformed cushions from Plaintiff." *Id.* ¶11.

In order to facilitate the sale of plaintiff's cushions to defendant, the parties entered into a Unilateral Confidentiality Agreement (the "NDA") on or about January 30, 2009, in which plaintiff provided confidential information about its product to defendant. *Id.* ¶ 12. The NDA contains a forum selection clause specifying that "any dispute between the parties related to or arising out of this Agreement, including matters relating to the existence, validity, interpretation, enforceability, or performance or non-performance of this Agreement, shall be governed by the laws of the State of California and determined or litigated by a court of law in the city of Santa Ana, Orange Country in California." *Id.* Ex. 2.

Plaintiff alleges that sometime before January 2012, defendant designed its own thermoformed cushions for use in packaging Seagate's hard drives. Compl. ¶ 12. The complaint alleges that defendant

---

[1] Plaintiff filed an amended complaint on September 11, 2013, alleging the same underlying facts as the original complaint, but asserting only the patent claim and omitting the facts and allegations specific to the breach of contract claim. In order to set forth the full factual context, and because the alleged facts are essentially the same in both filings, the Court cites to the original complaint for the factual background.

2

1 had its thermoformed cushions approved by Seagate, and that sometime before January 2012, defendant
2 began manufacturing and selling its thermoformed cushions to Seagate as part of hard drive packaging
3 provided by defendant to Seagate. *Id.*

4 The original complaint alleged a claim for patent infringement and for breach of contract. The
5 complaint alleged that the thermoformed cushions defendant sold to Seagate infringe the '337 Patent,
6 and that defendant breached the parties' NDA by using plaintiff's confidential pricing information to
7 undercut plaintiff's price for thermoformed cushions. *Id.* ¶¶ 15-16, 28. The complaint also alleges that
8 defendant "may have offered and sold other infringing cushions as well." *Id.* ¶ 15.

9 On August 21, 2013, defendant moved to have the case dismissed for improper venue, based
10 upon the forum selection clause in the NDA, or transferred for convenience to the Central District of
11 California, pursuant to 28 U.S.C. § 1404(a). On September 11, 2013, plaintiff amended its complaint
12 to omit the breach of contract claim, and also filed its response in opposition to the motion to dismiss
13 or transfer the case. Docket Nos. 17 & 18.

## LEGAL STANDARD

16 "For the convenience of parties and witnesses, in the interest of justice, a district court may
17 transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C.
18 § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect
19 litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v.*
20 *Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted). A motion for transfer lies
21 within the broad discretion of the district court, and must be determined on an individualized basis. *See*
22 *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

23 To support a motion for transfer, the moving party must establish: "(1) that venue is proper in
24 the transferor district; (2) that the transferee district is one where the action might have been brought;
25 and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the
26 interest of justice." *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506
27 (C.D. Cal. 1992).

28 Courts evaluate the following factors to determine which venue is more convenient to the parties

3

and the witnesses: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001); *see also Jones v. GNC Franchising Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). The Court has broad discretion to address these factors based on the particular facts of each case. *E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994).

## DISCUSSION

Defendant argues that venue in the Northern District is improper because the NDA contains a forum selection clause stating that any dispute "between the parties related to or arising out of" the NDA must be litigated in the City of Santa Ana, Orange County, which is located in the Central District of California. Compl. Ex. 2. Defendant contends that even though the amended complaint no longer contains a claim for breach of the NDA, the allegations of the original complaint – which alleged that the "claim for breach of contract [is] so related to Plaintiff's claims for patent infringement . . . that [it] form[s] part of the same case or controversy" – make clear that the patent infringement claim is a dispute "related to or arising out of" the NDA. In its reply, defendant also states that it plans to file a counterclaim seeking declaratory judgment that it did not breach the NDA, and thus that the breach of contract claim will be in this case (if this case is transferred) or in a new separate action in the Central District (if this Court denies transfer), which would lead to judicial inefficiencies. Docket No. 21 at 6:8-11. Alternatively, defendant argues that the case should be transferred to the Central District because that district is more convenient for the parties, witnesses, and evidence in the case.

Plaintiff contends that the forum selection clause in the NDA is no longer relevant because plaintiff's amended complaint only alleges a claim for patent infringement which does not "relate to or arise out of" the NDA. Plaintiff also argues that venue is proper in the Northern District because venue in patent infringement actions is proper in any district in which a defendant "resides" and is subject to personal jurisdiction. *See* 28 U.S.C. § 1400(b); *VE Holding Corp. V. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir. 1990). Plaintiff also argues that transfer is not appropriate under 28 U.S.C.

4

§ 1404(a) because the Northern District is the most convenient forum.

The Court finds it unnecessary to determine whether the forum selection clause in the NDA applies to plaintiff's patent infringement claim because the Court concludes that transfer is warranted under 28 U.S.C. § 1404(a). As an initial matter, the Court finds that venue is proper either in this district or in the Central District of California. The governing venue statute for patent infringement actions provides that venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b) (2013). A defendant is deemed to reside "in any judicial district in which [it] is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(c); *VE Holding Corp.*, 917 F.2d at 1583. Defendant does not dispute that it is subject to personal jurisdiction in the Northern District of California. At the same time, plaintiff does not dispute that venue would also be proper in the Central District of California.

Once venue is determined to be proper in both districts, the Court evaluates which venue is more convenient to the parties and the witnesses. *See Bowman*, 157 F. Supp. 2d at 1106. Defendant argues that the more convenient forum is the Central District of California, where both parties are headquartered and where many witnesses and documents are located. Plaintiff counters that the Northern District of California is the most convenient forum because it is plaintiff's preferred forum and because third-party Seagate's witnesses and evidence are located here.

### A.  Plaintiffs' Choice of Forum

Plaintiff argues that its choice of forum should be given significant weight because of the "significant connection" with this forum, where the sale of the infringing products was made to Seagate. There is ordinarily a strong presumption in favor of a plaintiff's choice of forum. *Piper Aircraft Co v. Reyno*, 454 U.S. 235, 265-66 (1981). However, where a plaintiff does not reside in the forum, the Court may afford plaintiff's choice considerably less weight. *See* Schwarzer et al., *Federal Civil Procedure Before Trial* § 4:761 (2013) (citing *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010); *Piper Aircraft*, 454 U.S. at 236)); *see also Matt v. Baxter Healthcare Corp.*, 74 F. Supp. 2d 467, 470 (E.D. Pa. 1999) ("A locale that is not the home of the plaintiff and where few of the operative facts occurred is entitled

5

to less weight").

Here, plaintiff's principal place of business is in Santa Ana, California, which is located in the Central District of California. The facts indicate that plaintiff chose the Northern District for this case because it is more convenient to its counsel and to witnesses of non-party customer, Seagate. However, the location of plaintiff's counsel is not an appropriate factor for the Court to consider when deciding a motion to transfer. *See In re Horseshoe Entm't*, 337 F.3d 429,434 (5th Cir. 2003) ("The factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue."); *Panetta v. SAP Am., Inc.*, No. C-05-01696 RMW, 2005 U.S. Dist. LEXIS 36813, at *16, 2005 WL 1774327 (N.D. Cal. July 26, 2005) (stating that "the location of plaintiff's counsel is immaterial to a determination of the convenience and justice of a particular forum"); *see also Soloman v. Cont. Amer.*, 472 F.2d 1043, 1047 (3d Cir. 1973) ("The convenience of counsel is not a factor to be considered [in weighing transfer].").

Additionally, few of the operative facts occurred in the Northern District of California. Though defendant does business with Seagate in the Northern District, the production and packaging at issue occurs in the Central District. Docket No. 14 at 6:17-19. Defendant's center of operation is in the Central District and defendant's decisions that are at the center of the dispute were made in the Central District. This forum has no particular interest in the parties or the subject matter; rather, the Central District has a slightly greater interest in ensuring that businesses located within its jurisdiction abide by federal law. Accordingly, the Court finds that plaintiff's choice of forum is entitled to less weight, and only weighs slightly in favor of denying transfer.

**B. Convenience of the Parties**

As noted above, plaintiff's principal place of business and defendant's headquarters are both in the Central District. Plaintiff does not assert that it has any employees or documents in the Northern District, and although plaintiff does not identify any of its employees who may have relevant information, presumably those employees are located in the Central District. Plaintiff also does not contend that the Central District is inconvenient for it, and the fact that it included the forum selection clause in its contract with defendant indicates that plaintiff generally finds the Central District to be a

convenient forum for disputes arising from its business.[2]

Defendant's president states that all of defendant's employees work at defendant's office in Rancho Dominguez, and all of the employees reside in Los Angeles or Orange Counties. Begim Decl. ¶ 3 (Docket No. 14 at 7). Defendant's president also states that nearly all of the company's records and documents are located in Rancho Dominguez. *Id*. The Court finds that because both parties, their employees, and their documents are all located in the Central District, this factor strongly weighs in favor of transfer. *See Andrews v. A.C. Roman & Associates, Inc.*, 914 F. Supp. 2d 230, 240 (N.D.N.Y. 2012) (finding substantial potential disruption to the defendant's business posed by the number of employee-witnesses that would be called upon to testify at trial outside of their district of residence).

### C. Convenience of the Witnesses

"The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) (quotation omitted). "The convenience of non-party witnesses is a more important factor than the convenience of party witnesses." *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009) (citations and quotations omitted). Non-party witnesses may not be subject to the Court's subpoena power, like party witnesses such as employees, which is why courts give more weight to their convenience. *In re Ferrero Litig.*, 768 F. Supp. 2d 1074, 1080 (S.D. Cal. 2011).

Defendant identifies ten AVC witnesses who may have relevant knowledge regarding this case and who live in the Central District: Moshe Begim, president of AVC; Arthur Stevenson, VP of Operations for AVC; Michael Baker, AVC's general counsel; Ed Walsh, designer at AVC; Tai Van Lam, AVC's tool and die manager; Adolpho Alvarez, of AVC's testing department; Minda Pillows, of AVC's purchasing department; Maribel Solano and Sylvia Mercado, AVC account managers for Seagate; and Kali Limath, of AVC's accounting department. Docket No. 21 6:20-7:16 (describing witnesses' topics for testimony). In contrast, plaintiff has identified three non-party witnesses who may

---

[2] Defendant asserts, and plaintiff has not disputed, that it was plaintiff who proposed the forum selection clause in the NDA.

have relevant information and who are in the Northern District: Grover Sanchez, quality manager for Seagate; Joe Cassin, who is engaged in the purchasing of packaging material for Seagate; and Connie Wai, in Seagate's marketing department. Plaintiff states that these witnesses may possess information about the quality of defendant's product and the sale of that product to Seagate. Smith Decl. ¶¶ 12-13. Although plaintiff does not identify any of its own witnesses who would testify, presumably a number of plaintiff's employees, who are located in the Central District, would testify at trial. The Court concludes that although the convenience of the non-party witnesses is accorded greater weight than party witnesses, because there are significantly more potential witnesses located in the Central District than in this District, this factor weighs in favor of transfer to the Central District. Further, to the extent that any Seagate employees would not wish to travel to the Central District to testify at trial, the parties could use videotaped depositions at trial.

### D. Ease of Access to the Evidence

Defendant argues that most of the relevant corporate documents are located in the Central District. "All billings, contracts, design, and production of the articles in question are in Rancho Dominguez." Docket No. 14 at 6:20-21. Plaintiff asserts that additional discovery may exist in Cupertino at Seagate's offices, including independent information about the quantity of cushions defendant sold to Seagate, and that the parties will need to come into the Northern District to conduct this discovery. Docket No. 18 at 11:27-12:5; Smith Decl. ¶ 14. However, if plaintiff cannot show "with particularity the location, difficulty of transportation, and the importance" of records or documents, then "the factor is neutral." *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1133 (C.D. Cal. 2009) (quoting *Bohara v. Backus Hosp. Med. Benefit Plan*, 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005)). Here, plaintiff has made no showing that such discovery will be particularly difficult to transport or particularly important to the case.

### E. Other Factors

Other factors the Court considers when deciding a motion to transfer include the familiarity of each forum with the applicable law, the feasibility of consolidation with other claims, any local interest

in the controversy, and the relative court congestion and time of trial in each forum. Each of these factors is either neutral or weighs in favor of transfer. Both venues are equally familiar with the applicable law. Transfer will promote judicial efficiency in light of defendant's stated intention to file a claim for declaratory relief on the NDA in the Central District. As noted above, the local interest in this controversy is stronger in the Central District, where the parties have their principal places of business. Plaintiff asserts that litigation will be more efficient in this district because this district has adopted Patent Local Rules, while the Central District has not. Even if this assertion is correct, as plaintiff concedes, the median length of time to trial in the Northern District is longer than in the Central District.

In sum, most of the factors weigh in favor of transfer or are neutral. After careful consideration, the Court finds that transfer to the Central District of California is appropriate and would serve the convenience of the parties and witnesses, and promote the interests of justice.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to transfer venue and hereby TRANSFERS this action to the Central District of California. Docket No. 14.

**IT IS SO ORDERED.**

Dated: October 9, 2013

SUSAN ILLSTON
United States District Judge