1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REFLEX PACKAGING INC., | Case No. CV 13-07615 JAK-MAN |
| Plaintiff, | **PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |
| v. | |
| AUDIO VIDEO COLOR CORPORATION, a California Corporation, d/b/a, AVC CORPORATION, | |
| Defendant. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation for Entry of Protective Order ("Stipulation") filed on November 25, 2013, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 3, 5.2(a) and (b), 9(c), 11, and 12.3 of, and Exhibit A to, the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or other designation(s) used by the parties, does not,

in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal.  Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  The parties' mere designation of any information, document, or thing as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See* <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.

If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. **Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.**

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE, INCLUDING THOSE APPLICABLE TO FILINGS UNDER SEAL.**

## <u>TERMS OF PROTECTIVE ORDER</u>

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action **may** involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the **P**arties **have** stipulat**ed** to and petition**ed** the Court to enter **this** Protective Order.  The **P**arties **have** acknowledg**ed** that this Protective Order do**es** not confer blanket protections on all disclosures or responses to discovery and the protection afforded by the Protective Order from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The **P**arties **have** further acknowledg**ed** as set forth in Section 12.3 below, that this Protective Order does not entitle the **P**arties to file confidential

information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed when a party seeks permission from the **C**ourt to file material under seal.

2. <u>DEFINITIONS</u>

2.1 <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this **Protective** Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY".

2.5 <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who**:** (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action**;** (2) is not a past or current employee of a Party or of a Party's competitor**;** and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party or to House Counsel for a Party

would create a substantial risk of serious harm that could not be avoided by less restrictive means.  For purposes of this case, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" will be limited to:  (i) the Parties' non-public financial information, as it relates to costs, revenues, and profits generally or from specific products; (ii) information of a competitively or commercially sensitive or proprietary nature or trade secrets regarding any thermoformed cushioning materials made by or for a Party; (iii) non-public customer information, including non-public arrangements and agreements with customers and the prices at which products are sold to customer, but not including the names of the customers or identification of the products sold to them; (iv)  research and development materials concerning unreleased products or services; (v) the confidential terms of any licenses; and (vi) any other information that the Parties, through their counsel, agree in writing during the course of this litigation, would create a substantial risk of serious harm if disclosed.  Information regarding the number of units of the product of specific thermoformed products manufactured, purchased, sold, imported, exported, or used by or for one of the Parties is *not* "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

2.8    House Counsel:  attorneys who are employees of a **P**arty to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record:  attorneys who are not employees of a **P**arty to this action but are retained to represent or advise a **P**arty to this action and have appeared in this action on behalf of that **P**arty or are affiliated with a law firm which has appeared on behalf of that **P**arty.

2.11   <u>Party</u>:  any **P**arty to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this **Protective** Order cover not only Protected Material (as defined above), but also**:**  (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any **deposition** testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this **Protective** Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this **Protective** Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the

1 disclosure from a source who obtained the information lawfully and under no

2 obligation of confidentiality to the Designating Party.  Any use of Protected

3 Material at trial shall be governed by a separate agreement or order.

4     4.     DURATION

5        Even after final disposition of this litigation, the confidentiality

6 obligations imposed by this **Protective** Order shall remain in effect until a

7 Designating Party agrees otherwise in writing or a court order otherwise directs.

8 Final disposition shall be deemed to be the later of**:** (1) dismissal of all claims and

9 defenses in this action, with or without prejudice; and (2) final judgment herein

10 after the completion and exhaustion of all appeals, rehearings, remands, trials, or

11 reviews of this action, including the time limits for filing any motions or

12 applications for extension of time pursuant to applicable law.

13     5.     DESIGNATING PROTECTED MATERIAL

14        5.1     Exercise of Restraint and Care in Designating Material for

15 Protection.  Each Party or Non-Party that designates information or items for

16 protection under this **Protective** Order must take care to limit any such designation

17 to specific material that qualifies under the appropriate standards.  To the extent it is

18 practical to do so, the Designating Party must designate for protection only those

19 parts of material, documents, items, or oral or written communications that qualify

20 — so that other portions of the material, documents, items, or communications for

21 which protection is not warranted are not swept unjustifiably within the ambit of

22 this **Protective** Order.

23        Mass, indiscriminate, or routinized designations are prohibited.

24 Designations that are shown to be clearly unjustified or that have been made for an

25 improper purpose (*e.g.*, to unnecessarily encumber or retard the case development

26 process or to impose unnecessary expenses and burdens on other parties) expose the

27 Designating Party to sanctions.

28

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this **Protective** Order (*see, e.g.*, second paragraph of **S**ection 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this **Protective** Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this **Protective** Order requires:

(a)    <u>for information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this **Protective** Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate

legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)    <u>for testimony given in deposition</u>, that the Designating Party identify on the record, before the close of the deposition, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of **deposition** testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition is concluded) a right to have up to 21 days to identify the specific portions of the **deposition** testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the **deposition** testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards**,** if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

**Prior to a deposition at which it is** reasonably expect**ed that** Protected Material **shall be addressed, P**arties shall give the other parties notice so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at **the deposition**.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

1    **Deposition t**ranscripts containing Protected Material shall have an

2    obvious legend on the title page that the transcript contains Protected Material, and

3    the title page shall be followed by a list of all pages (including line numbers as

4    appropriate) that have been designated as Protected Material and the level of

5    protection being asserted by the Designating Party.  The Designating Party shall

6    inform the court reporter of these requirements.  Any **deposition** transcript that is

7    prepared before the expiration of a 21-day period for designation shall be treated

8    during that period as if it had been designated "HIGHLY CONFIDENTIAL —

9    ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the

10   expiration of that period, the **deposition** transcript shall be treated only as actually

11   designated.

12                  (c)    for information produced in some form other than

13   documentary and for any other tangible items, that the Producing Party affix in a

14   prominent place on the exterior of the container or containers in which the

15   information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

16   CONFIDENTIAL — ATTORNEYS' EYES ONLY."  If only a portion or portions

17   of the information or item warrant protection, the Producing Party, to the extent

18   practicable, shall identify the protected portion(s) and specify the level of protection

19   being asserted.

20                  5.3    Inadvertent Failures to Designate.  If timely corrected, an

21   inadvertent failure to designate qualified information or items does not, standing

22   alone, waive the Designating Party's right to secure protection under this

23   **Protective** Order for such material.  Upon timely correction of a designation, the

24   Receiving Party must make reasonable efforts to assure that the material is treated

25   in accordance with the provisions of this **Protective** Order.

26

27

28

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The **P**arties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local

Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the **P**arties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the **C**ourt rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and

under the conditions described in this **Protective** Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of **S**ection 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the **C**ourt or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this **Protective** Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the **C**ourt and its personnel;

(e) court reporters and their staff, professional jury**,** or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES  ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)    Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(c)    the Court and its personnel;

(d)    court reporters and their staff, professional jury, or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary

14

for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY  CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party **who or which** seeks to disclose to an Expert (as defined in this **Protective** Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that**:** (1) identifies the general categories of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert**;** (2) sets forth the full name of the Expert and the city and state of his or her primary residence**;** (3) attaches a copy of the Expert's current resume**;** (4) identifies the Expert's current employer(s)**;** (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years**;** and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected

Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party **who or which** receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the **P**arties' efforts to resolve the matter by agreement (*i.e*., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

7.5     Procedures for Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items to House Counsel.  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed to a specifically designated House Counsel of a Party *only if* such disclosure is first agreed to in writing by the Designating Party or upon further order of the Court.  Nothing in this **Protective** Order will preclude such

agreement or further order.  Any House Counsel allowed to see such information after an agreement or order must sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and will be bound by this **Protective** Order.

      8.      <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

      If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

      (a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

      (b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this  Protective Order; and

      (c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

      If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material**,** and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)      The terms of this **Protective** Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this **Protective** Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-

Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this **C**ourt of its Protected Material.  **Nothing in this Protective Order should be construed as authorizing a Party or a Non-Party to disobey a lawful directive from another court.**

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately**:**  (a) notify in writing the Designating Party of the unauthorized disclosure(s)**;** (b) use its best efforts to retrieve all unauthorized copies of the Protected Material**;** (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this **Protective** Order**;** and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the **P**arties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the **P**arties may incorporate their agreement in **a further** stipulated protective order submitted to the **C**ourt.

12.    MISCELLANEOUS

12.1    Right to Further Relief.  Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections.  By **having** stipulat**ed** to the entry of this Protective Order**,** no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material.  Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 **and the provisions of this Protective Order**. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)**,** unless otherwise instructed by the Court.

13.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any

other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that:  (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO ORDERED.**

Dated:  December 12, 2013

_____

MARGARET A. NAGLE

UNITED STATES MAGISTRATE JUDGE

21

# **EXHIBIT A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Protective Order that was

issued by the United States District Court for the Central District of California on

December 12, 2013, in the case of *Reflex Packaging, Inc., v. Audio Video Color*

*Corporation*, Case No. CV 13-07615-JAK(MANx).  I agree to comply with and to

be bound by all the terms of this Protective Order, and I understand and

acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Protective Order to any

person or entity, except in strict compliance with the provisions of this Protective

Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms of

this Protective Order, even if such enforcement proceedings occur after termination

of this action.

///

///

///

///

///

///

///

///

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my

California agent for service of process in connection with this action or any

proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed:

_____

Printed name: _____

       [printed name]

Signature: _____

       [signature]