*Schnader Harrison Segal & Lewis LLP*
*650 California Street, 19th Floor*
*San Francisco, California 94108-2736*
*Telephone: 415-364-6700*
*Facsimile: 415-364-6785*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| REFLEX PACKAGING, INC., | Case No.: 2:13-CV-7615 JAK (MANx) |
| Plaintiff, | |
| vs. | **ORDER GRANTING (1) DISMISSAL WITH PREJUDICE AND (2) ACKNOWLEDGEMENT OF PATENT VALIDITY** |
| AUDIO VIDEO COLOR CORPORATION, a California Corporation, d/b/a, AVC CORPORATION, | **JS-6** |
| Defendant. | |

PHDATA 4910205_1

The Court, having considered the Stipulation Of (1) Dismissal With Prejudice And (2) Acknowledgement Of Patent Validity filed by Reflex Packaging, Inc. ("Reflex") and Audio Video Color Corporation ("AVC") in the above-captioned proceeding (the "Action"), and other good cause appearing, hereby

ORDERS as follows:

1.	All claims asserted by Reflex in the Action are hereby dismissed, with prejudice.

2.	All counterclaims asserted by AVC in the Action are hereby dismissed, with prejudice.

3.	Acknowledgement of validity:

    a.	AVC acknowledges the validity and enforceability of U.S. Patent 6,520,337 (the "'337 Patent"), and shall not challenge its validity and/or enforceability, in this Action or in any future dispute involving Thermoformed Fragility Packaging covering single or multiple shock-sensitive package(s), and also will not, at any time, directly or indirectly assist any third party in challenging the validity and/or enforceability of the '337 Patent.  "Thermoformed Fragility Packaging" shall be defined as plastic thermoformed parts specifically designed to protect products, while within packaging, by reducing shock forces.

    b.	Notwithstanding the foregoing, AVC will be permitted to challenge the validity of the '337 Patent if Reflex asserts that AVC has infringed the '337 Patent by importing, making, having made, using or selling "Substantially Different Packaging," which shall be defined for these purposes as (i) packaging that is not made of High-density polyethylene (HDPE) or Low-density polyethylene (LDPE), whose purpose is to cover, showcase, support, provide theft security, and embrace product, but not to reduce g-force shock, such as a clamshell-style packaging, (ii) or other

packaging which is not Thermoformed Fragility Packaging, as defined above, or (iii) a Clamshell Container for retail packaging concepts. "Clamshell Container" shall be defined as a one-piece container or two piece co-joined consisting of two halves joined by a hinge area which allows the two halves of the container to come together to close so that the container completely surrounds a product being packaged in the Clamshell Container; the name of the Clamshell is taken from the shell of a clam, which a Clamshell Container resembles both in form and function.

  c. The question of whether an AVC product is Substantially Different Packaging or otherwise shall be decided by a judge of a court of competent jurisdiction, as a preliminary matter, without a jury trial, and AVC and Reflex have each waived their right to a jury trial on this issue, should it arise.

 4. Each Party shall bear its own costs and attorney's fees.

IT IS SO ORDERED

Dated: May 30, 2014

_____
Hon. John A. Kronstadt
United States District Court,
Central District of California

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

2 PHDATA 4910205_1
ORDER OF (1) DISMISSAL AND (2) ACKNOWLEDGMENT OF PATENT VALIDITY